UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 98-41262
Summary Calendar

WALTER B. McDONALD,

Plaintiff-Appellant,

versus

PAUL BROWN, Unit Director; L. GELINAS;
T. KIDD; B. P. VANDERBUITT, Warden;
A. GONZALEZ, Correctional Officer II;
CADENA, Mr.; R. VELA; POLANCO, Miss;
R. ROSS; DOUG SHAVER, Judge,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-96-CV-95)
_____

December 7, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Walter McDonald (Texas prisoner #985878) appeals, *pro se,* the dismissal of his § 1983 civil rights claims against four of the defendants:  Gelinas, Kidd, Brown, and Vanderbuitt.  He has *not* shown error as to those four.  The dismissal of the claims against the other defendants is *not* contested.  (McDonald's motion for oral argument is **DENIED**.)

The claims against Gelinas were dismissed pursuant to 42 U.S.C. § 1997e(e): "No Federal civil action may be brought by a

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prisoner confined in a jail, prison, *or other correctional facility*, for mental or emotional injury suffered while in custody without a prior showing of physical injury". (Emphasis added.) McDonald's contention that he is in a substance abuse treatment program, as opposed to a "prison", is *not* determinative. *See* TEX. GOV'T CODE ANN. § 509.001(1)(C) (West 1998)(substance abuse treatment facility operated by or for a corrections department is a corrections facility).

McDonald also claims that Gelinas was deliberately indifferent to his medical needs, asserting that she refused to allow him to leave a group session, despite his showing her a medical pass. But, because McDonald failed to raise this as a federal claim in his initial and amended complaints, he *cannot* raise it for the first time on appeal. *See **Kerr v. Lyford***, 171 F.3d 330, 338-39 (5th Cir. 1999).

Having alleged that Kidd, a substance-abuse counselor, had allowed another inmate to issue him disciplinary "tickets", one of which was later dismissed, McDonald maintains that such issuance by other inmates is a prohibited act; that as a result of the tickets issued to him and "other facts", he was given 30 extra days in the treatment program and eventually discharged from the program and sentenced to two years in jail. McDonald, however, has *not* shown that all of the disciplinary tickets issued to him were reversed, expunged, or otherwise declared invalid, or that the "other facts" which contributed to his discharge from the program have been overturned. Accordingly, he has *not* shown error. *See **Clarke v.***

2

***Stalder***, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) ("Claims for damages and declaratory relief challenging the procedures used in, but not the results of, prison disciplinary proceedings are similarly not cognizable in a § 1983 action until the relevant 'conviction' has been reversed, expunged, or otherwise declared invalid...."), *cert. denied*, ___ U.S. ___, 119 S. Ct. 1052 (1999).

Finally, because McDonald has *not* shown constitutional rights violations by either Gelinas or Kidd, he has *not* shown that either Brown, the unit director of his substance abuse treatment program, or Vanderbuitt, the warden of his correctional facility, knowingly acquiesced in others' misconduct. Accordingly, he has *not* shown error in the dismissal of his claims against them. *See **Thompkins v. Belt***, 828 F.2d 298, 304 (5th Cir. 1987).

*AFFIRMED*